# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE WEBB, individually and on behalf of all persons similarly situated, | Civil Action No.: |
| Plaintiff, | Complaint— Class and Collective Action |
| v. | Jury Trial Demanded |
| QUALITY INTEGRATED SERVICES, INC., | |
| Defendant. | ELECTRONICALLY FILED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Jesse Webb ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint ("Complaint") against Defendant Quality Integrated Services, Inc. ("Defendant" or "QIS") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania state law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred within this District, and QIS conducts business in this judicial District.

## PARTIES

4. Plaintiff Jesse Webb ("Plaintiff") is a resident of Texas who has been employed by QIS between approximately October 2010 and September 2014 in, Pennsylvania and West Virginia. Plaintiff worked for QIS in this judicial district of Pennsylvania for the Laurel Mountain Midstream Project within the last three (3) years. Pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Ex. A.

5. Defendant Quality Integrated Services, Inc. ("Defendant" or "QIS") is a corporation providing third party services, including inspection, for the construction and maintenance of oil and natural gas transmission, midstream and gathering lines, facility construction, meter runs and many other types of oil and gas construction throughout the United States, including this judicial District.

6. QIS is incorporated in Oklahoma and maintains its corporate headquarters in Oklahoma.

7. QIS employs individuals (including Plaintiff) who perform a variety of services on oil and gas pipelines for energy, public utility and pipeline companies. QIS' financial results are driven by the number of employees performing services for QIS' customers and the fees that QIS charges the customers for these services.

8. QIS employed Plaintiff and continues to employ similarly situated employees.

9. QIS employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. QIS' annual gross volume of business exceeds $500,000.

11. QIS is not an independently owned and controlled local enterprise within the

meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

12. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All current or former employees of Quality Integrated Services, Inc. ("QIS"), who performed work in Inspector Positions on the Laurel Mountain Midstream Project in the United States and who were paid on a day rate basis at any time between April 15, 2013 and the present (the "FLSA Class").

13. Plaintiff also brings this lawsuit for Counts II to III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current or former employees of Quality Integrated Services, Inc. ("QIS") who performed work in Inspector Positions on the Laurel Mountain Midstream Project in the state of Pennsylvania, and who were paid on a day rate basis at any time between April 15, 2012[1] and the present (the "Pennsylvania Class").

14. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

15. Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

16. QIS contracted with The Williams Company to provide inspectors, including Plaintiff and Class Members, for the Laurel Mountain Midstream Project.

17. Between approximately October 2010 and September 2014, Plaintiff was employed as a pipeline inspector with QIS, performing and reviewing inspections on gas pipelines in Pennsylvania and West Virginia. Plaintiff worked for QIS in this judicial district of Pennsylvania for the Laurel Mountain Midstream Project within the last three (3) years.

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim is four years. Therefore, employees may be members of the Pennsylvania Class if they were employed on or after April 15, 2012, for at least one of the Claims alleged on behalf of the Pennsylvania Class.

18. Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes. Plaintiff observed other members of the Class Members performing the same or substantially similar job duties.

19. Plaintiff and the Class Members are all blue collar workers who are primarily engaged in manual labor duties.

20. QIS has a policy or practice of failing to properly compensate Plaintiff and the Class Members for all overtime hours worked.

21. QIS paid Plaintiff and the Class Members pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek, including hours worked over forty.

22. Specifically, QIS paid Plaintiff and the Class Members a specific set amount for the first ten (10) hours that they worked per day.

23. Further, QIS paid Plaintiff and the Class Members straight time for every hour over ten (10) in a day.

24. QIS did not pay Plaintiff and Class members any overtime compensation for hours worked over forty (40) in a workweek.

25. The daily rate compensation system that QIS paid to Plaintiff and the Class Members fails to satisfy the salary basis requirement necessary to qualify for an exemption under the FLSA. *See* 29 C.F.R. § 541.602.

26. Plaintiff's work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the Class Members utilizing similar techniques and procedures in the performance of their jobs.

27. Plaintiff worked within the closely prescribed limits provided by QIS. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the Class Members working in the same or substantially similar manner.

28. Plaintiff routinely worked up to seven (7) days per week, typically between sixteen (16) and eighteen (18) hours per day. Plaintiff observed that the Class Members routinely worked similar schedules, which is common in the industry.

29. QIS did not pay Plaintiff and the Class Members any overtime compensation for hours worked over forty (40) per workweek.

30. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. QIS, however, has not done so.

31. QIS has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiff and the Class Members for hours worked in excess of forty (40) during the workweek.

32. Moreover, during the entire relevant time period, QIS was aware that the Class Members were not properly compensated under the FLSA, because the Class Members' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week but were not receiving overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

on behalf of the FLSA Class defined above.

34. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

35. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to QIS' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, QIS' common compensation, timekeeping and payroll practices.

36. Specifically, QIS paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

37. The similarly situated employees are known to QIS, are readily identifiable, and may be located through QIS's records, as well as the records of any payroll companies that QIS utilizes. QIS employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff also brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and the Pennsylvania Class, as defined above.

39. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members

of the Pennsylvania Class.

40. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

41. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate Pennsylvania law through its policy or practice of not paying its day rate employees overtime compensation.

42. Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways: 1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

43. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

44. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

45. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA

46. All previous paragraphs are incorporated as though fully set forth herein.

47. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

48. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of

forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

49. QIS' compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

50. QIS knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

51. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

52. In violating the FLSA, QIS acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**On Behalf of the Pennsylvania Class**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

55. The PMWA provides that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 34 PA. CODE § 231.43(b).

56. QIS is subject to the overtime requirements of the PMWA because QIS is an employer under 43 P.S. § 333.103(g).

57. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

58. QIS' compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with either 43 P.S. § 333.104(c) or 34 PA. CODE § 231.43(b).

59. QIS knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

60. Pursuant 43 P.S. § 333.113, employers, such as QIS, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

61. In violating the PMWA, QIS acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
### Unjust Enrichment
### (On Behalf of the Pennsylvania Class)

62. All previous paragraphs are incorporated as though fully set forth herein.

63. QIS has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

64. At all relevant times hereto, QIS devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

65. Contrary to all good faith and fair dealing, QIS induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours

worked as required by law.

66. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, QIS enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. QIS retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

67. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by QIS.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, seeks the following relief:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

D. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

Dated: April 15, 2016                                    Respectfully submitted,

                                                         /s/ Shanon J. Carson
                                                         Shanon J. Carson (PA 85957)
                                                         Sarah R. Schalman-Bergen (PA 206211)
                                                         Alexandra K. Piazza (PA 315240; NJ 010922013)
                                                         Camille Fundora (PA 312533; NJ 017642011)*
                                                         BERGER & MONTAGUE, P.C.
                                                         1622 Locust Street
                                                         Philadelphia, PA  19103
                                                         Telephone: (215) 875-3000
                                                         Facsimile: (215) 875-4604
                                                         scarson@bm.net
                                                         sschalman-bergen@bm.net
                                                         apiazza@bm.net
                                                         cfundora@bm.net

                                                         *Attorneys for Plaintiff and the Proposed Classes*

                                                         *\* Application for Admission to be Filed*